JOHN F. WHICHARD v. WILMINGTON & WELDON RAIL-
ROAD COMPANY.

*Diversion of Waters by Railroad—Appeal—Record—Surveys.*

In an action for the diversion of surface water or the water of
    natural streams by the construction of railway lines, surveys
    of the locality, made under order of the court, must be
    introduced, and accompany the record on appeal, or showing
    be made by appellant that he was prevented by the court or
    the opposite party from so doing, on penalty of liability to
    dismissal of appeal or affirmance of judgment on the ground
    that it is impossible to review the alleged errors.

CIVIL ACTION, tried at December Term, 1894, of PITT
Superior Court, before *Mebane, J.*, and a jury.   The action
was for damages for diversion of water by defendants on
the lands of the plaintiff.   There was judgment for the
plaintiff, and defendant appealed.

*Messrs. J. E. & L. I. Moore,* and *J. L. Fleming,* for
plaintiff.
*Mr. J. L. Bridgers,* for defendant (appellant).

*Per Curiam* : In nearly all of the cases that have for
some years past been brought up to this Court to test the
liability of railway companies for flooding lands, the state-
ments have been confused, and we have encountered great
difficulty in comprehending the facts, mainly for want of
clear descriptions of the relative positions of points which
it has seemed almost essential that we should be able to

WHICHARD *v.* RAILROAD.

fix the locations of.   We have concluded therefore to give notice of a rule that in every case, where an action is brought to recover for the diversion of surface water or the water of natural streams, either in the original construction or subsequent improvement of railway lines, parties who go to trial without having a survey made and sending up, as exhibits to the statement of the case on appeal, fifteen maps of the locality, where the injury is alleged to have been sustained, may expect that the judgment of the court below will be affirmed or the appeal dismissed.   The surveys must be made under an order of court, appointing two surveyors, one selected by each of the parties, where they can not agree to the appointment of any particular person, and requiring that the relative positions of the intersections of ditches or natural streams with each other or with the railroad line and the location and area of swamps where material shall be laid down upon such maps with explanatory notes, showing by letters or figures where all points, that it may be material to locate, are situated.

Hereafter unless an appellant can show that he has made diligent effort to have such maps prepared, and has been prevented by the court or the opposing party from accomplishing that end, he may expect the appeal to be dismissed or the judgment below affirmed on the ground that it is impossible to review the alleged errors. *Railroad* v. *Railroad*, 113 N. C., 240. In this case it is adjudged that a new trial be granted to the end that the contentions of the parties may be presented to the court below and to this Court in a more intelligible manner.

New Trial.